## Petrovich v. Welsh

*Buchanan, Wallover & Barrickman,* for defendant.

McCREARY, P. J., November 8, 1954.—After an alleged judgment was entered in favor of plaintiff and against defendant for $124.50, plus costs amounting to $10.00, on petition of defendant the court granted him leave to have issued a writ of certiorari so that the record of the case before Rudolph Schwartz, the justice of the peace who rendered the judgment, might be brought before the court for examination. The writ did issue and the record of the justice of the peace was duly returned to the court. It is now before the court on exceptions filed by defendant, the assignments of error being as follows:

"1. For the reason the record fails to show that the summons in trespass was served upon the plaintiff in error, Ronald Welsh.

"2. For the reason that the record shows on its face that no legal service was had upon the plaintiff in error, Ronald Welsh.

"3. For the reason that the record shows that the justice of the peace, Rudolph Schwartz, had no jurisdiction in the matter.

"4. For the reason that the record shows that the justice of the peace, Rudolph Schwartz, purported to enter judgment by default in favor of plaintiff in the amount of $124.50 with costs, and does not show that judgment was entered in favor of the plaintiff upon testimony given by the defendant in error.

"5. For the reason that no legal judgment was entered against the plaintiff in error.

"6. For the reason that the purported judgment entered in favor of the plaintiff on January 23rd, 1952, is a nullity.

"7. For the reason that the justice of the peace has no jurisdiction in the action."

The transcript of the justice of the peace shows the constable's return of the summons in language as follows:

"Served a true and attested copy of original summons on Dwelling House with adult member of the Family."

The record then concludes with this language:

"And now, January 23, 1952 at 8:00 P. M. Plaintiff appears and is duly sworn in. Defendant fails to appear.

"Plaintiff presents claim in the amount of $124.50 relative to damages done to his automobile.

"And now, January 23, 1952 judgment in favor of Plaintiff by default in the amount of $124.50 with costs."

Obviously the assignment of error must be sustained. The return should designate the person served so that

such person may be identified: Regan v. Timony, 7 Pa. C. C. 65; Yaple Estate, 9 Kulp 141. It must comply with the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 2, which requires that summons from a justice of the peace shall be served on defendant "by producing the original summons to, and informing him of the contents thereof, or leaving a copy of it at his dwelling-house, in the presence of one or more of his family or neighbors".

A justice of the peace has no jurisdiction to enter a "Judgment by default" in a trespass action. He must take the testimony of plaintiff and his witnesses. This was not done in the present case. At least the transcript of the justice of the peace negatives the idea of any testimony being given by plaintiff or his witnesses. It merely shows that "Defendant fails to appear. Judgment in favor of Plaintiff by default in the amount of $124.50 with costs". Such judgment in a trespass action is void. See Collier v. Daniels, 71 D. & C. 291; Geisen v. Conrad, 85 D. & C. 219.

For the reasons stated we make the following

### Order

Now, November 8, 1954, the exceptions are sustained, and judgment is now entered for defendant; it is further ordered that no costs be allowed.